UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALAN LUSTER,
    Plaintiff,

vs.                                                         11-1018,

MARTIN MEREDITH, et. al.,
    Defendants.

## MERIT REVIEW ORDER

    This cause is before the court for merit review of the Plaintiff's complaint. The Plaintiff originally filed his complaint in January of 2011, but has now filed a motion to amend his complaint.[d/e 6] Rule 15(a) of the Federal Rules of Civil Procedure clearly provides that a Plaintiff "may amend his pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15 (a). The Plaintiff's motion to amend his complaint is granted. [d/e 6]

    The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The pro se Plaintiff has identified seven potential Defendants in his amended complaint including: Livingston County Sheriff Martin Meredith, Attorney General Lisa Madigan and five John Doe Correctional Officers. The Plaintiff alleges that the Defendants have violated his constitutional rights because he has been denied meaningful access to the courts.

    Specifically, the Plaintiff says he wanted to file a motion to suppress evidence in a pending criminal case, but did not have access to an adequate law library. The Plaintiff says he was forced to borrow money from family members in order to hire a private attorney to represent him. In his original complaint, the Plaintiff stated that he had waived his right to appointed counsel and had been warned by the Judge in his case that he would have limited access to legal materials. (Orig. Complain, p. 6). The Plaintiff claims the Defendants have violated his Fifth, Sixth and Fourteenth Amendment rights.

    The Sixth Amendment is not implicated here because it guarantees persons charged with crimes the right "to have the assistance of counsel for his defense." Plaintiff elected to represent himself, so he has waived the Sixth Amendment guarantee of representation by counsel. Plaintiff states no equal protection claim because the Fourteenth Amendment's equal protection clause directs that all persons similarly situated should be treated alike. *Cleburne v Cleburne*

*Living Ctr.,* 473 U.S. 433, 439 (1985). The Plaintiff does not allege that he is being treated worse than similarly situated inmates. However, the Supreme Court has held that pretrial detainees and prisoners do have a "fundamental constitutional right of access to the courts" which requires officials "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v Smith,* 430 U.S. 817, 828 (1977).

The Seventh Circuit has "long interpreted *Bounds* to give the government the choice to provide either access to a law library or access to counsel or other appropriate legal assistance." *U.S. v Sykes,* 614 F.3d 303, 313 (7th Cir. 2010). In addition, the Seventh Circuit has held that a defendant who declines appointed counsel and instead invokes his constitutional right to self-representation "does not have a right to access to a law library. The rule is that [the defendant] has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up." *United States v. Byrd,* 208 F.3d 529, 593 (7th Cir. 2000). The court also notes that the Plaintiff has not demonstrated that he has suffered an actual injury as is required for a claim based on denial of meaningful access to the courts. *Lewis v Casey,* 518 U.S. 343 (1996).

In his amended complaint, the Plaintiff also alleges that the lack of a law library has "substantially disadvantaged" his pending civil rights actions in federal court and has prevented him from preparing additional complaints concerning violations of his constitutional rights. (Comp., p. 7) The Plaintiff does not point to any specific litigation or claim, nor does he state how the lack of an adequate library specifically prevented him from filing those claims. An inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious lawsuit. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir.2006). Therefore, a prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall,* 445 F.3d at 968; *see also Gentry v Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995)(delay is insufficient to state a claim for denial of access; the Plaintiff must show "actual substantial prejudice to specific litigation.")

Furthermore, the Plaintiff has not stated how any of his Defendants are involved in his claims. A defendant cannot be held liable under 42 USC §1983 unless a plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v Goode,* 423 U.S. 362, 271 (1976). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Since the Plaintiff is proceeding pro se, so the court will allow the Plaintiff an opportunity to amend his complaint if he can allege how the failure to provide an adequate law

library prevented him from litigating a specific, nonfrivolous claim and identify appropriate defendants. *See Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir.1998). The Plaintiff must file his Second Amended Complaint within 21 days. The complaint must stand complete on its own without reference to any of the Plaintiff's previous complaints. In addition, if the Plaintiff intends to name John Doe defendants, he still must state how each defendant was involved in his claim.

**IT IS THEREFORE ORDERED:**

1) **The Plaintiff's first motion to amend his complaint is granted. [d/e 6]**

2) **The Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. All pending motions are denied as moot. [d/e 7, counsel] The court will allow the Plaintiff one opportunity to file a second amended complaint clarifying his claim of denial of meaningful access to the courts. The Plaintiff must specify how the allegedly inadequate law library impacted a specific claim or lawsuit and state how each Defendant was involved in those claims. The Plaintiff must file his second amended complaint within 21 days of this order. Failure to follow the court's instructions or to meet this deadline will result in the dismissal of this lawsuit.**

3) **This cause is set for merit review hearing on the Plaintiff's second amended complaint on June 16, 2011 at 10:00 by telephone conference call.**

Entered this 5th day of May, 2011.

**s/James E. Shadid**
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE